| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>**# 18W0828.03** | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2019CF0270 |
|---|---|---|

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Juan Soto | TELEPHONE NUMBER (include area code)<br>(708) 420-2173 | |
|---|---|---|
| STREET ADDRESS<br>3412 S. 58th Court | CITY, STATE AND ZIP CODE<br>Cicero, IL 60804 | DATE OF BIRTH<br>MM / DD / YYYY |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Town of Cicero - Police Department | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area)<br>(708) 652-2130 |
|---|---|---|
| STREET ADDRESS<br>4901 W. Cermak Road | CITY, STATE AND ZIP CODE<br>Cicero, IL 60804 | COUNTY<br>Cook |
| CAUSE OF DISCRIMINATION BASED ON:<br>National Origin | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>08/23/18    08/23/18<br>☐ CONTINUING ACTION | |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

### SEE ATTACHED

Page 1 of 2                                                                                          HMS

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 28 DAY OF August, 2018

X _[signature]_
NOTARY SIGNATURE

NOTARY STAMP:
PATRICIA ALMARAZ
Official Seal
Notary Public – State of Illinois
My Commission Expires Sep 18, 2021

X _[signature]_    5/28/18
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true affirm that I have read the above charge and that knowledge, information and belief

EXHIBIT A

EEO-5 FORM (Rev. 7/12-INT)

Charge Number: 2019CF0270  
Complainant: Juan Soto  
Page 2 of 2

I.    A.    **ISSUES/BASIS**

         DEMOTION – AUGUST 23, 2018, DUE TO MY NATIONAL ORIGIN, MEXICO

     B.    **PRIMA FACIE ALLEGATIONS**

1. My national origin is Mexico.

2. Respondent is aware of my national origin

3. My performance as a detective meets Respondent's expectations. I was hired on January 1, 1999.

4. On August 23, 2018, Jerry Chlada, Jr (Italy), Police Superintendent, demoted me from detective to patrol officer. The reason cited for the demotion was for not interviewing a victim of a crime.

5. Similarly situated employees whose national origins is not Mexico were not demoted under similar circumstances.

Charge Number: 2019CF0270　　　Complainant: JUAN SOTO

Respondent: TOWN OF CICERO-POLICE DEPARTMENT

## COMPLAINANT QUESTIONNAIRE

In order to assist the IDHR in investigating your charge, please complete and return the following questionnaire to the IDHR <u>within 30 days</u> of the date you received this questionnaire.
- If you are represented by an attorney, consult with your attorney prior to completing this questionnaire.
- Provide your answers on a separate sheet of paper. Identify the question number for each response. Use additional sheets as necessary.
- If you are not sure of the answer to any question, you may leave the question blank and the investigator will follow up with you at a later time.

Provide a copy of any documents (such as letters, journals, emails, or other evidence), which relate to the charge allegations.

1. Provide information about Respondent:
   a. State the full legal name(s) (as identified on your W-2 form).
   b. Address of Respondent.
   c. Describe briefly the type of work carried on by Respondent at this address.

2. On what date did you start working for Respondent?

3. Who hired you? Give name, job title, National Origin;.

4. Please list in chronological order each position you held at the Respondent and the date you started in that position.

5. What were the job duties in the position you held on the date of the incident? Please include a job description, if you have one.

6. Who was your immediate supervisor? Give name, job title, National Origin;.

7. Who else worked for your immediate supervisor? Give names, job titles, National Origin; for each person.

8. What do you want to happen as a result of filing your charge?

9. List any witnesses you may have. Witnesses are persons who can support or have first-hand knowledge of the allegations in your charge. Witnesses are <u>NOT</u> character references. Witnesses are not contacted during the screening process. Therefore, it is very important you tell us in detail what each witness would tell us, if contacted, during an investigation. Identify each witness by:
   a. Name
   b. Home address
   c. Home telephone number
   d. Relationship to you (co-worker, friend, relative, etc,)
   e. What did the witness see, hear, or experience that would support any of your allegations? Be specific, don't just say "they can tell you what happened."

10. Provide your e-mail address, if you have one.

Charge No. 2019CF0270
Page 2 of 2

On the Issue of Demotion

N1. Who made the decision to take demote you? What is that person's position and National Origin;?

N2. Describe why the change from your previous position to the new position was a demotion. Identify any changes in salary, job title, job functions, requirements, supervision or other responsibilities. Provide copies of the job descriptions for both positions, if available.

N3. What reasons were given for the demotion? Provide any documents that refer to the action, if available.

N4. Were you demoted as a result of a disciplinary action? If yes, does the employer have a progressive discipline policy? If yes, explain your understanding of the policy.

N5. Have you received warnings or disciplinary action previously? If yes, describe. Include the date on which such action was taken, who made the decision in each case, their position and National Origin;, the reason given, and if the discipline consisted of some type of suspension or probation, be sure to include the length of time. Provide copies if available.

N6. Was there any grievance or complaint process available to you? If yes, did you file a grievance or complaint? If yes, what was the result of the grievance? Provide any documents related to that grievance, if available.

N7. Why do you think the demotion action was due to your National Origin;? Explain.

N8. Is there someone else who engaged in the same conduct as you, or whose job performance is comparable? If yes, give their name, position, and National Origin;. What, if any, disciplinary action or change in job responsibilities did that person receive?



ILLINOIS DEPARTMENT OF
# Human Rights

Bruce Rauner, Governor
Janice Glenn, Director

## IMPORTANT NOTICE TO COMPLAINANT ABOUT MEDIATION

**The Illinois Department of Human Rights is offering YOU the opportunity to participate in the IDHR Mediation Program before the charge is investigated.**

Thousands of cases have already experienced the benefits of working out disputes without investigation or litigation. The IDHR MEDIATION PROGRAM lets the parties work out a settlement with the help of a trained, impartial IDHR mediator.

MEDIATION is a form of dispute resolution where parties to an IDHR charge meet in an informal atmosphere and discuss settlement options to close the IDHR charge and avoid a lengthy and possibly expensive investigation.

MEDIATION can provide a fast, free alternative to the IDHR investigation process. The IDHR Mediation Program has a settlement rate of over 50%.

Have you considered the advantages of MEDIATION?

MEDIATION…

…Is **free**. - There is no cost to you or the other party. You schedule a mediation conference and attend – that's it!

…Is **fast** – Cases can be mediated before the case is assigned for investigation, and conference sessions are scheduled for 9 am – 1 pm or 1 pm – 5 pm. Investigations typically last one year

…Is **confidential** – Participation in the IDHR Mediation Program will not affect the outcome of your case. The IDHR investigation is a completely separate process that will not be influenced by the mediation conference.

…Is **not** a hearing on the merits of the charge. The purpose of mediation is to settle the charge by letting the parties discuss their differences and explore options that resolve the dispute.

If you are interested in Mediation, Contact the IDHR Mediation Unit at (312) 814-6889.



ILLINOIS DEPARTMENT OF
Human Rights

Bruce Rauner, Governor
Janice Glenn, Director

## CREDIBILITY NOTICE

### The Cooper v. Salazar injunction

The Illinois Department of Human Rights (IDHR) is under a federal-court injunction that, among other things, orders the IDHR:

> 'To cease permanently from relying on credibility determinations made without affording the rights of confrontation and cross-examination'.

See, Cooper v. Salazar, #98 C 2930, U.S. District Court for the Northern District of Illinois, order dated November 1, 2001, at p. 26, ¶1.

### Meaning of the Cooper Injunction

The IDHR cannot assess the credibility of Complainant's testimony, the testimony of Complainant's witnesses or the testimony of Respondent's representatives or the witnesses of Respondent where there is conflicting testimony. In other words, if the determination of substantial evidence turns on issues of credibility, the IDHR should make a finding of substantial evidence so that a trier of fact may resolve those issues of credibility. This means that if a determination of lack of substantial evidence requires the IDHR to make a finding of fact as to conflicting evidence, the IDHR will make a finding of substantial evidence so that credibility may be resolved by the Human Rights Commission at a Public Hearing.

The Illinois Human Rights Act defines 'substantial evidence' as:

> 'Evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance'. Illinois Human Rights Act §7A-102(D)(2), codified at 775 ILCS 5/7A-102(D)(2).

### The Meaning of Credibility

The Illinois Department of Human Rights is an investigatory agency. The IDHR's purpose is to gather all of the evidence from each of the parties as to whether Respondent may or may not have discriminated against the Complainant within the meaning of the Illinois Human Rights Act. The IDHR's purpose is to review all of the evidence and make a determination based upon the law as to whether there is sufficient evidence of discrimination to file a complaint against the Respondent with the Illinois Human Rights Commission. The IDHR will not make a finding that evidence submitted by a party is either believable or not believable. Thus, the IDHR will not base its findings on the fact that one of the parties is not telling the truth or that one party's evidence is not believable. If the resolution of the charge of discrimination requires believing the evidence of one party over another party, the IDHR will make a finding of Substantial Evidence and refer the matter to the Illinois Human Rights Commission so that a trier of fact may resolve the case.

### Conflicting evidence exists when there are:

1) Statements of a person with material firsthand knowledge contradicted by statements of a different person with material firsthand knowledge.
2) Business records contradicted by oral statements of a person with material firsthand knowledge.
3) Business records of one person contradicted by business records of another person.

By the authority of the State of Illinois (2212013ENGChargeProcessing)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
Chicago Direct Dial: (312) 869-8000
Chicago TTY: (312) 869-8001
Fax: (312) 869-8220

IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE. THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.

IDHR CHARGE NUMBER:        2019CF0270            JUAN SOTO

## EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U.S. Equal Employment Opportunity Commission (EEOC), the EEOC will also have a record of IDHR's charge of discrimination.

You are encouraged to cooperate with IDHR in the investigation of your charge. The final findings and orders of that agency may be adopted by the EEOC.

IDHR will process your charge. Under section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review IDHR's investigation and findings. To obtain this review, you must request it by writing to this office within 15 days of your receipt of IDHR's final findings of your case. If we do not receive such a request for a review, EEOC will likely accept IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR 1-800-669-4000.

EEOC NOTICE

ILLINOIS DEPARTMENT OF
# Human Rights

## PROCEDURES FOR NON-HOUSING CHARGES

Complainant: __Juan Soto__  Your Charge Number: __2019CF0270__

Service of Charge: After the Complainant files the charge, the IDHR assigns a charge number and serves the charge on the Respondent (company, union, agency, etc.). Keep a copy of your charge documents. Always refer to your charge number (above) when calling or corresponding with the IDHR.

Responsibility to Cooperate: Both the Complainant and Respondent ("the parties to the charge") have a responsibility to cooperate with the IDHR, and must notify us of any change in address or telephone number immediately. If we cannot reach the Complainant by telephone and do not get a response to our letters, we have to dismiss the case. The Complainant also has a responsibility to lessen the damages, including a responsibility to work.

Role of IDHR: The IDHR's role is to conduct a NEUTRAL and FAIR investigation of the allegations in the charge. Although the IDHR represents the state's interest in eliminating discriminatory practices in Illinois, the IDHR does not represent either party. You must obtain your own attorney if you want someone to advocate for you or represent you.

Mediation Option: Mediation is an opportunity to meet with the other party to discuss how the issues raised in the charge can be resolved. A mediator facilitates the mediation conference, and there is no cost to either party. Mediation is available for any employment or public accommodation charge, and conferences are held in the IDHR's Chicago office. Request mediation by calling (312) 814-6889 or email "IDHR.Mediation@illinois.gov".

Investigation: Once the case is assigned to an investigator, the investigator contacts both parties to discuss the case in more detail, and reviews the Respondent's response to the charge and the responses of both parties to the IDHR's questionnaires. The investigator will also ask both parties to consider a voluntary settlement that would resolve the matter. Both parties are required to attend a fact-finding conference, which is a meeting conducted by the investigator where the Complainant and representatives of the Respondent answer questions so the investigator can determine if there was a violation of the Human Rights Act ("Act"). The investigator obtains pertinent documents from both parties and contacts relevant witnesses. Both parties should answer the investigator's questions and provide as much relevant information as possible to assist in the investigation, including helping the investigator to identify pertinent documents and locate witnesses. The Act requires that the IDHR conclude all proceedings and make a finding within 365 days of the perfected charge being filed. If necessary, the investigator will request that both parties sign an extension form to give the IDHR more time to complete the investigation. If the IDHR does not make a finding by the 365th day, or within any extension of that period agreed to in writing by all parties, the Complainant may file a complaint at the Illinois Human Rights Commission ("IHRC") or commence a civil action in a state circuit court of appropriate venue during the 90-day period following the expiration of the time allowed for investigation.

Investigation Report: After completing the investigation, the investigator writes a report summarizing the information obtained and making a recommended finding based upon the relevant evidence. After approval, the IDHR sends a copy of the report to both parties.

Appeal Rights: If the IDHR dismisses the case, the Complainant has the option of either 1) filing a Request for Review with the IHRC, OR, 2) commencing a civil action in a state circuit court of appropriate venue. The Respondent may file a request for review of a notice of default recommendation. The time periods for these actions are specified in the Act.

Public Hearing: If evidence of discrimination is found, then Complainant has the option of either (within the time period specified in the Act) 1) requesting the IDHR to file a complaint with the IHRC on Complainant's behalf, OR, 2) commencing a civil action in a state circuit court of appropriate venue. If Complainant requests the IDHR to file a complaint with the IHRC, an IDHR attorney will be assigned to help the parties resolve or "conciliate" the charge. If a settlement agreement is not reached, upon Complainant's request the IDHR will file a Complaint of Civil Rights Violation with the IHRC on behalf of Complainant. The Complainant bears the burden of proving the case before the IHRC.

Federal Court: A charge with an A, E, F or L in the charge number is cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). The charge is assigned an EEOC charge number to protect the Complainant's federal rights, but the IDHR will conduct the investigation on EEOC's behalf. At any time, the Complainant may request a Right to Sue notice from the EEOC and file the case in federal court. Note: Complainants have no right to proceed in federal court against state agency Respondents under the ADA or ADEA. The IDHR advises consulting an attorney before withdrawing the charge to determine if this is the best course. The IDHR cannot give legal advice. If the case is filed in federal court and the Complainant has not withdrawn the charge, the IDHR will stay the investigation.

For a copy of the Human Rights Act or the IDHR's Rules and Regulations, see our web site at www.illinois.gov/dhr.

Rev. 2/18

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. | AGENCY<br>☐ IDHR<br>☒ EEOC | CHARGE NUMBER<br>440-2019-07661 |
|---|---|---|

Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Juan Soto | | TELEPHONE NUMBER (include area code)<br>(708) 420-2173 | |
|---|---|---|---|
| STREET ADDRESS<br>3412 S. 58th Court | CITY, STATE AND ZIP CODE<br>Cicero, IL 60804 | DATE OF BIRTH<br>MM / DD / YYYY | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Town of Cicero - Police Department | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area)<br>(708) 652-2130 |
|---|---|---|
| STREET ADDRESS<br>4901 W. Cermak Road | CITY, STATE AND ZIP CODE<br>Cicero, IL 60804 | COUNTY<br>Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br>See Attached | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>08/23/18   12/31/18<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

**SEE ATTACHED**

RECEIVED EEOC
SEP 13 2019
CHICAGO DISTRICT OFFICE

Page 1 of 2                                                                 HMS

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 13th DAY OF September, 2019
X Douglas P. Trent
NOTARY SIGNATURE

DOUGLAS P. TRENT
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
March 07, 2022

NOTARY STAMP

X _____  9-13-19
SIGNATURE OF COMPLAINANT     DATE

I declare under penalty that the foregoing is true and correct. I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

EEO-5 FORM (Rev. 7/12-INT)

I.

    A. ISSUES/BASIS

    DEMOTION – AUGUST 23, 2018, DUE TO AGE

    B. PRIMA FACIE ALLEGATIONS

    1. I am over 40 years of age;

    2. Respondent is aware of my age;

    3. I was hired on January 1, 1999;

    4. My performance as a detective meets Respondent's expectations and I was praised for doing my job and I continued to perform according to expectations;

    5. Similarly situated employees who were under 40 years of age were not demoted under similar circumstances;

    6. The Age Discrimination Act of 1967, as amended, makes it unlawful for an employer to discriminate against an employee because of age;

    7. I was demoted due to my age, over 40;

    8. I have suffered damages as a result of the demotion, in pertinent part without limitation, in that I lost wages and incurred mental stress and humiliation.

I.

### A. ISSUES/BASIS

HOSTILE WORK ENVIRONMENT - AGE

### B. PRIMA FACIE ALLEGATIONS

1. I am over 40 years of age;

2. Respondent is aware of my age;

3. I was hired on January 1, 1999;

4. My performance as a detective meets Respondent's expectations and I was praised for doing my job and I continued to perform according to expectations;

5. The Age Discrimination Act of 1967, as amended, makes it unlawful for an employer to discriminate against an employee on the basis of age and affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult;

6. I was repeatedly subjected to unwanted harassment based on my age;

7. Respondent knew and/or should have known of the harassment and failed to take remedial action;

8. At all times relevant, I acted reasonably under the circumstances;

9. I was damaged as a result of the hostile work environment.

I.

### A. ISSUES/BASIS

HOSTILE WORK ENVIRONMENT – NATIONAL ORIGIN, MEXICO

### B. PRIMA FACIE ALLEGATIONS

1. My national origin is Mexico;

2. Respondent is aware of my national origin;

3. I was hired on January 1, 1999;

4. My performance as a detective meets Respondent's expectations and I was praised for doing my job and I continued to perform according to expectations;

5. On August 23, 208, Jerry Chlada, Jr. (Italy), Police Superintendent demoted me from detective to patrol officer;

6. 42 U.S.C. Section 2000 – 2(a) makes it unlawful for an employer to discriminate against an employee on the basis of national origin.

7. I was repeatedly subjected to unwanted harassment based on my national origin;

8. Respondent knew and/or should have known the harassment and failed to take remedial action;

9. At all times relevant, I acted reasonably under the circumstances;

10. The harassment created an uncomfortable work environment;

11. Similarly situated employees who were not over 40 years of age were not treated in this manner.

I.

    A. ISSUES/BASIS

    RETALIATION - ADEA

    B. PRIMA FACIE ALLEGATIONS

1. On August 23, 2018, I was demoted for allegedly not interviewing a victim of a crime;

2. The Age Discrimination Act of 1967 ("ADEA"), as amended, makes it unlawful for an employer to discriminate against an employee because of age;

3. The real reason I was demoted was for exercising my rights under the ADEA;

4. The demotion by Jerry Chlada, Jr., Police Superintendent, is in violation of the anti-retaliation provisions of the ADEA as applicable under Title VII;

5. Because of the demotion, I suffered lost wages, embarrassment, humiliation, insult, and emotional suffering.

I.

### A. ISSUES/BASIS

RETALIATION – NATIONAL ORIGIN, MEXICO

### B. PRIMA FACIE ALLEGATIONS

1. 42 U.S.C. Section 2000 e-3(a) makes it unlawful for an employer to discriminate against an employee because he opposes any practice which is unlawful under Title VII;

2. My opposition to Respondent's actions as set forth in this Charge of Discrimination is protected under 42 U.S.C. Section 2000 e-3(a);

3. On August 23, 2018, Jerry Chlada, Jr., Police Superintendent, demoted me from detective to patrol officer;

4. The demotion by Jerry Chlada, Jr., Police Superintendent, was in retaliation for my protected conduct;

5. I was damaged as a result of the above-referenced retaliation.

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2019, I served the foregoing via e-mail, upon EEOC Federal Investigator Daniel Acosta at the following addresses:

Daniel Acosta (daniel.acosta@eeoc.gov)
Equal Employment Opportunity Commission
230 S. Dearborn St., Suite 1866
Chicago, IL 60604
(312) 872-9667

/s/ Marc P. Trent
Marc P. Trent
TRENT LAW FIRM, P.C.
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
(630) 682-3100
attorneys@trentlawfirm.com
mtrent@trentandbutcher.com