**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN SOTO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-08504 |
| | ) | |
| v. | ) | Hon. Judge John J. Tharp |
| | ) | |
| TOWN OF CICERO, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JUAN SOTO'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
COMBINED RULE 12(b)(6) MOTION TO DISMISS
AND RULE 12(f) MOTION TO STRIKE**

Plaintiff Juan Soto ("Soto"), by his undersigned counsel, respectfully submits this Memorandum In Opposition to Defendant's Combined Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion To Strike.

### I. INTRODUCTION

Plaintiff respectfully opposes Defendant's Combined Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike Plaintiff's Complaint. Plaintiff's Complaint states a claim for relief against Defendant by discriminating against Plaintiff in violation of the Age Discrimination in Employment Act, as amended, due to his national origin, subjecting Plaintiff to a hostile work environment in violation of 42 U.S.C. § 2000e-2(a), retaliating against Plaintiff in violation of 42 U.S.C. § 2000e-2(a), and state law causes of action. Therefore, Plaintiff respectfully requests that the Court deny Defendant's Combined Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike Plaintiff's Complaint.

1

## II.   STANDARD OF REVIEW

A plaintiff's complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide the defendant with "fair notice" of the claim and its basis. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic,* 127 S.Ct. at 1964. The complaint is construed in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor. *Id.; Killingsworth,* 507 F.3d at 618.

A plaintiff alleging employment discrimination under Title VII may allege these claims quite generally. *See, e.g., Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 714 (7th Cir.2006) ("[A]ll a complaint in federal court need do to state a claim for relief is recite that the employer has caused some concrete injury by holding the worker's religion against him."); *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998) ("`I was turned down for a job because of my race' is all a complaint has to say."). A complaint need not "allege all, or *any,* of the facts logically entailed by the claim," and it certainly need not include evidence. *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998) (quoting *Am. Nurses' Ass'n v. Illinois,* 783 F.2d 716, 727 (7th Cir.1986)); *see also Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 714 (7th Cir.2006) ("Federal complaints plead *claims* rather than facts."). Indeed, "[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's *proof* leads to windy complaints and defeats the function of [Federal Rule of Civil Procedure] Rule 8." *Bennett,* 153 F.3d at 519.

The Supreme Court in *Bell Atlantic* "retooled federal pleading standards," and retired "the oft-quoted *Conley* formulation." *Killingsworth,* 507 F.3d at 618-19 (quoting *Bell Atlantic,* 127 S.Ct. at 1968 (quoting *Conley,* 355 U.S. at 45-46, 78 S.Ct. 99)). However, *Bell Atlantic* "must not be overread." *Limestone Dev. Corp. v. Vill. of* 1083*1083 *Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir.

2008). Although the opinion contains some language that could be read to suggest otherwise, the Court in *Bell Atlantic* made clear that it did not, in fact, supplant the basic notice-pleading standard. *Bell Atlantic,* 127 S.Ct. at 1973 n. 14 (expressly disclaiming the establishment of any "heightened pleading standard"); *see also Lang v. TCF Nat'l Bank,* 249 Fed.Appx. 464, 466-67 (7th Cir.2007) (noting that notice-pleading is still all that is required); *Limestone,* 520 F.3d at 803 (same). A plaintiff still must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Lang,* 249 Fed.Appx. at 466 (citing *Bell Atlantic,* 127 S.Ct. at 1964) (internal quotation marks and ellipses omitted). A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

      To survive a motion to dismiss, the complaint must contain a "short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555, 127 S. Ct. 1955, 1964—65 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, while a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964—65; *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618—19 (7th Cir. 2007). The statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957));

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't. of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

Under Rule 12(f), a district court "has considerable discretion in striking any redundant, immaterial, impertinent, or scandalous matter." *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 113, 1141 (7th Ci. 2009). A motion to strike is proper where the challenged allegations have "the effect of confusing the issues." *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F.Supp.2s 1006, 1011 (N.D. Ill. 1998) (granting defendant's motion to strike plaintiff's "time-barred allegations" Rule 12(f)" where acts underlying Title VII claim occurred more than 300 days before her EEOC Charge was filed).

### III. FACTUAL BACKGROUND

Plaintiff is a Mexican born American citizen over forty (40) years of age who alleges that he was discriminated against, harassed, and retaliated against by his former employer, Town of Cicero, based on his national origin and age. Plaintiff's Complaint asserts a number of state and federal claims, all of which the Defendants have moved to dismiss.

### IV. ARGUMENT

**A. Plaintiff's Claims Fall Within the Statute of Limitations, State a Claim Upon Which Relief Can Be Granted, And Plead Protected Activity Sufficient To Support Retaliation.**

42 U. S. C. § 2000e—2 explains in great detail the sorts of actions that qualify as "[u]nlawful employment practices" and includes among such practices numerous discrete acts. See, *e.g.,* § 2000e—2(a) ("It shall be an unlawful employment practice for an employer— (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . .").

Each discrete discriminatory act starts a new clock for filing charges alleging that act. See *National Railroad Passenger Corporation v. Morgan,* 536 U. S. 101, 113 (2002). The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. *Id.* The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. *Id.* Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim. *Id.*

The time period for filing a charge is subject to equitable doctrines such as tolling or estoppel. See *Zipes* v. *Trans World Airlines, Inc.,* 455 U. S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"). Courts may evaluate whether it would be proper to apply such doctrines, although they are to be applied sparingly. See *Baldwin County Welcome Center* v. *Brown,* 466 U. S. 147, 152 (1984) *(per curiam)* ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. *National Railroad Passenger Corporation v. Morgan,* 536 U. S. 101, 114 (2002). *Id.* Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."

Defendant argues that much of the conduct Plaintiff describes occurred outside the governing limitations period and that to the extent that it occurred within the limitations period, Plaintiff's allegations are too vague to support his claims. Neither argument has merit. To begin, "[f]iling a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court; rather it is an affirmative defense akin to administrative exhaustion." *Salas v. Washington Dept. of Corrections*, 493 F.3d 913, 921 (7th Cir. 2007). Accordingly, dismissal on the pleadings is "*irregular.*" *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). That some of the conduct Plaintiff recounts, if any, may have occurred outside of the limitations period does not support dismissal of his claims in *toto*.

As determined in *Ashcroft v. Twombly*, to survive a motion to dismiss, the complaint must contain a "short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555, 127 S. Ct. 1955, 1964—65 (2007)). Further, in evaluating a motion to dismiss, all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't. of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

The Supreme Court in *Bell Atlantic* "retooled federal pleading standards," and retired "the oft-quoted *Conley* formulation." *Killingsworth,* 507 F.3d at 618-19 (quoting *Bell Atlantic,* 127 S.Ct. at 1968 (quoting *Conley,* 355 U.S. at 45-46, 78 S.Ct. 99)). However, *Bell Atlantic* "must not be overread." *Limestone Dev. Corp. v. Vill. of* 1083*1083 *Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008). Although the opinion contains some language that could be read to suggest otherwise, the Court in *Bell Atlantic* made clear that it did not, in fact, supplant the basic notice-pleading

6

standard. *Bell Atlantic,* 127 S.Ct. at 1973 n. 14 (expressly disclaiming the establishment of any "heightened pleading standard"); *see also Lang v. TCF Nat'l Bank,* 249 Fed.Appx. 464, 466-67 (7th Cir.2007) (noting that notice-pleading is still all that is required); *Limestone,* 520 F.3d at 803 (same). A plaintiff still must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Lang,* 249 Fed.Appx. at 466 (citing *Bell Atlantic,* 127 S.Ct. at 1964) (internal quotation marks and ellipses omitted).

Here, the Defendants are attempting to force Plaintiff to plead facts beyond the holding in Bell Atlantic. In addition, they are attempting to manipulate the facts of Plaintiff's Complaint to suggest that the facts are cited in a strict chronological order. This is simply not true. In this case, Soto could have only filed a charge to cover discrete acts that "occurred" within the appropriate time period. In his Complaint, Soto pleads seventy-nine (79) paragraphs of facts alleging that he was discriminated against by the Defendants, including the fact that Soto filed his charges with the EEOC on August 28, 2018 and September 13, 2019. (Compl., ¶¶ 11-12). Further, Paragraph sixty-eight (68) of Plaintiff's Complaint cites the date October 21, 2018. (Compl., ¶ 68). Therefore, based on Defendants understanding of the Complaint, all subsequent facts made have occurred after October 21, 2018. That is completely false. In Paragraph 11(a) of his Complaint, Plaintiff lists the date of August 28, 2018 as the date that he first filed charges with the Illinois Department of Human Rights. (Compl., ¶ 11(a)). As a result, Defendants are then suggesting that all subsequent facts listed in Paragraph 11 must have occurred after August 28, 2018 and all prior alleged facts, if any, occurred prior to that date. Again, that is simply not true and that is clear on its face by the fact that, for example, Paragraph 68 of Plaintiff's Complaint lists the date October 21, 2018, Paragraph 71 lists the date of August 7, 2018, and Paragraph 75 lists the month of

7

September and year of 2018. (Compl., ¶¶ 68, 71, 75). Ultimately, Plaintiff's complaint has numerous paragraphs of allegations of discriminatory and harassing behavior that occurred within the three (300) day filing requirement stemming from events that occurred from August 2018 through December 2018.

Defendants' Motion to Dismiss has a greater issue in that hostile environment claims are different in kind from discrete acts. The repeated nature of the harassment in hostile environment claims or its intensity constitutes evidence that management knew or should have known of its existence. Additionally, the "unlawful employment practice" therefore cannot be said to occur on any particular day, it occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own. See *Harris* v. *Forklift Systems, Inc.,* 510 U. S. 17, 21 (1993) ("As we pointed out in *Meritor*[*Savings Bank, FSB* v. *Vinson,* 477 U. S. 57, 67 (1986),] `mere utterance of an . . . epithet which engenders offensive feelings in a[n] employee,' *ibid.* (internal quotation marks omitted), does not sufficiently affect the conditions of employment to implicate Title VII"). Therefore, such claims are based on the cumulative effect of individual acts.

"We have repeatedly made clear that although [Title VII] mentions specific employment decisions with immediate consequences, the scope of the prohibition `is not limited to "economic" 116*116 or "tangible" discrimination,' *Harris,* [510 U. S., at 21] (quoting *Meritor Savings Bank, FSB* v. *Vinson,* [477 U. S.,] at 64), and that it covers more than `terms' and `conditions' in the narrow contractual sense." *Faragher* v. *Boca Raton,* 524 U. S. 775, 786 (1998) (quoting *Oncale* v. *Sundowner Offshore Services, Inc.,* 523 U. S. 75, 78 (1998)). As the Court stated in *Harris,* "[t]he phrase `terms, conditions, or privileges of employment' [of 42 U. S. C. § 2000e—2(a)(1)] evinces a congressional intent `to strike at the entire spectrum of disparate

8

treatment of men and women' in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment." 510 U. S., at 21 (some internal quotation marks omitted) (quoting *Meritor,* 477 U. S., at 64, in turn quoting *Los Angeles Dept. of Water and Power* v. *Manhart,* 435 U. S. 702, 707, n. 13 (1978)).[10] "Workplace conduct is not measured in isolation . . . ." *Clark County School Dist.* v. *Breeden,* 532 U. S. 268, 270 (2001) *(per curiam).* Thus, "[w]hen the workplace is permeated with `discriminatory intimidation, ridicule, and insult,' that is `sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." *Harris,* 510 U. S., at 21.

A hostile work environment claim is composed of a series of separate acts that collectively constitute one "unlawful employment practice." 42 U. S. C. § 2000e—5(e)(1). The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. *National Railroad Passenger Corporation v. Morgan,* 536 U. S. 101, 117 (2002). It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. *Id*. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability. *Id*.

That act need not, however, be the last act. *Id*. As long as the employer has engaged in enough activity to make out an actionable hostile environment claim, an unlawful employment practice has "occurred," even if it is still occurring. *Id.* Subsequent events, however, may still be part of the one hostile work environment claim and a charge may be filed at a later date and still encompass the whole. *Id*.

9

The Court determined that the entire hostile work environment encompasses a single unlawful employment practice that the plaintiff may not base a suit on individual acts that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on such conduct. *Id*. The statute does not separate individual acts that are part of the hostile environment claim from the whole for the purposes of timely filing and liability. *Id* at 118. And the statute does not contain a requirement that the employee file a charge prior to 180 or 300 days "after" the single unlawful practice "occurred." *Id* at 118. Given, therefore, that the incidents constituting a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim. *Id* at 118. In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment. *Id* at 118.

Clearly, as set forth above, the holding in *National Railroad Passenger Corporation v. Morgan* is applicable here. Plaintiff filed his charge within the three (300) days of the discriminatory conduct as set forth in his Complaint. (Compl., ¶ 9(a)). In addition, the alleged incidents constituting a hostile work environment, Counts IV and VII of Plaintiff's Complaint, were part of one unlawful employment practice, Defendant may be liable for all acts that are part of that single claim.

Therefore, for the reasons set forth above, Plaintiff's claims are not times barred and should not be dismissed under Rule 12(b).

Defendant's allegations that Plaintiff's Counts IX and X are too vague to support his claims and failed to plead protected activity sufficient to support retaliation is likewise without merit. Defendant's hyperbolic assertion that "Plaintiff's boiler point language. . . does not sufficiently allege the retaliation that occurred or Plaintiff's specific exercise of a right under the Act," Mem.

At 9 (original emphasis), does not accurately describe the Complaint, which provides enough detail to satisfy Rule 8. Indeed, Plaintiff clearly identifies the type of discrimination he thinks occurred (age, national origin, and state law violations of Uniform Peace Officers' Disciplinary Act and IL Public Act 100-1001), by whom (Defendant, through its employees Auriemma, Boyle, Chlada, Schullo, Scimone, and Wojtowicz), and when (during his employment, which began in 1999 until his termination in February of 2019). That is sufficient to withstand dismissal of his discrimination, harassment, retaliation, and state law claims and further supportive that they are not facially implausible as a matter of law.

Further, Plaintiff's Complaint has seventy-nine (79) paragraphs of facts in his Complaint. (Compl., ¶¶ 14-93). Second, the Court in *Bell Atlantic* was clear. There the Court found that there was not a "heightened pleading standard" and that notice-pleading is still all that is required. Clearly, pursuant to *Bell Atlantic*, Plaintiff's seventy-nine (79) paragraphs of facts were properly notice plead to give Defendants enough detail of what the claim is and the grounds upon which they rest. Again, pursuant to the standard as set forth in *Bell Atlantic*, the facts in Plaintiff's Complaint were properly notice plead to give Defendants enough detail of what the claim is, the grounds upon which they rest, and stated a claim to relief that is plausible on its face.

Therefore, for the reasons set forth above, Plaintiff's claims state a claim upon which relief can be granted.

### B. All Of Plaintiff's Claims Were Properly Administratively Exhausted.

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 I1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).

11

Employees who claim to have suffered discrimination pursuant to Title VII must first exhaust their administrative remedies prior to bringing a federal lawsuit by filing an administrative charge with the appropriate state or federal agency claiming discrimination on that basis. See 29 U.S.C. § 626(d)(2). The Charge must be filed with the EEOC or appropriate state agency within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e)(1).

Normally, one must exhaust before rather than after suing. See *Brown v. General Services Administration*, 425 U.S. 820, 831-33, 96 S. Ct. 1961, 48 L.Ed.2d 402 (1976); *Gibson v. West*, *supra*, *Rann v. Chao*, 34 F.3d 192 (D.C. Cir. 2003). Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies, 42 U.S.C. § 2000e-16(c), which means not until he has received a right-to-sue letter from the EEOC, signifying that the EEOC will not provide him with any relief. See *Hill v. Potter*, 32 F.3d 1145 (7th Cir. 2003).

Further, to determine whether a claim was adequately brought to the attention of the EEOC, courts consider whether the claim is "like or reasonably related" to the allegations in the plaintiff's EEOC charge and could reasonably be expected to grow out of an investigation of the charge. *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) (citing *Jenkins*, 538 F.2d at 167). This means that "the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Cheek*, 31 F.3d at 500. These requirements ensure that the employer is notified of the conduct in the employee's complaint and gives the employer the opportunity to seek conciliation without resort to the courts. *Rush v. McDonald's Corp.* 966 F.2d 1104, 1110 (7th Cir. 1992).

In this case, the narrative portion of Plaintiff's EEOC charge provided allegations based on age discrimination, national origin discrimination, retaliation, and hostile work environment and Plaintiff's allegations in his Complaint based on allegations of age discrimination, national origin

discrimination, retaliation, and a hostile work environment as well as facts indicative of constructive discharge could be expected to grow out of the EEOC's investigation of the charge.

Additionally, Soto has not listed a separate count in his Complaint for constructive discharge. Plaintiff's Counts I, II, IV, V, VI, VII, VIII are clearly not solely "based on or contain allegations relative to constructive discharge" as suggested by the Defendants. Mem. At 7 (original emphasis). Further, on November 14, 2019, Soto received a Right to Sue Letter from the EEOC. (Compl., ¶ 11(k)). Soto's Complaint was filed on December 30, 2019. (*See* Dkt. 1). Therefore, Soto satisfied the exhaustion requirement by receiving his right-to-sue letter from the EEOC prior to filing his Complaint with this Honorable Court regarding all Counts in his Complaint.

Therefore, for the reasons set forth above, Plaintiff properly administratively exhausted his claims.

## V. CONCLUSION

For all the reasons set forth above, Plaintiff Juan Soto respectfully requests that this Court enter an Order dismissing Defendant's Combined Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike with prejudice and awarding to Plaintiff any such other further relief as the Court deems just and proper.

Dated: June 25, 2020

Respectfully submitted,

Juan Soto, Plaintiff
By his attorneys,

By: /s/ Marc P. Trent
TRENT LAW FIRM, P.C.
Marc P. Trent (ARDC #6324928)
Douglas P. Trent (ARDC #2855070)
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188

13

Phone: (630) 682-3100
Fax: (630) 682-3554
attorneys@trentlawfirm.com
mtrent@trentlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2020, I electronically filed the foregoing **Plaintiff Juan Soto's Memorandum In Opposition to Defendant's Combined Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion To Strike**, with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission at the email address provided:

K. Austin Zimmer (ARDC No. 6276227)
Veronica Bonilla-Lopez (ARDC No. 6281050)
DEL GALDO LAW GROUP, LLC
1441 S. Harlem Avenue
Berwyn, Illinois 60402
zimmer@dlglawgroup.com
vblopez@dlglawgroup.com

By: /s/ Marc P. Trent_____
TRENT LAW FIRM, P.C.
Marc P. Trent (ARDC #6324928)
350 S. Schmale Road, Suite 130
Carol Stream, IL 60188
Phone: (630) 682-3100
Fax: (630) 682-3554
attorneys@trentlawfirm.com
mtrent@trentlawfirm.com